Complaint Brought Pursuant to 42 U.S.C. sec. 1983 for False Arrest, False Imprisonment, Malicious Prosecution, Intentional Infliction of Emotional Distress, Conspiracy and Negligence

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JEREMY HECTOR COLON

                Plaintiff                     CIVIL ACTION:

v.

THE CITY OF NEW YORK,
NEW YORK POLICE DEPARTMENT,
POLICE OFFICER JOHN DOE                VERIFIED COMPLAINT
                                                                         JURY CLAIM
                                                                         AS TO ALL COUNTS

                Defendants

---

**INTRODUCTION**

JEREMY HECTOR COLON ["COLON"] a resident of Bronx County, State of New York asserts the following claims against the defendants in the above-entitled action:

1. Violation of 42 U.S.C. 1983: False Arrest
2. Violation of 42 U.S.C. 1983: False Imprisonment
3. Violation of U.S.C. 1983: Excessive Force
4. Assault and Battery
5. Violation of 42 U.S.C. 1983: Malicious Prosecution
6. Intentional Infliction of Emotional Distress
7. Violation of 42 U.S.C. 1983: Conspiracy
8. Negligence

**JURISDICTION**

1. Jurisdiction of this court arises under 28 U.S.C. secs 1331, 1337, 1343(a), and 1367(a); 42 U.S.C. secs. 1983, 1985, 1986, and 1988; and 18 U.S.C. 1961-1968.

2. Jurisdiction of this court for the pendent claims is authorized by F.R Civ.P 18(a), and arises under the doctrine of pendent jurisdiction as set forth in United Mine Workers v. Gibbs, 383 U.S. 715 (1966).

**PARTIES**

3. Plaintiff Jeremy Hector Colon [hereinafter "COLON"] is a natural person residing in The Bronx, New York, United States of America; was a resident of The Bronx during all relevant times of this action.

5. Defendant City of New York (hereinafter "CITY") is a properly incorporated city in the State of New York

6. Defendant New York Police Department (hereinafter "NYPD") is an authorized agency of the City of New York

7. Defendant Police Officer John Doe ("DOE") is an employee of the New York Police Department.

8. At all times material to this Complaint, Defendants CITY and the NYPD acted toward Plaintiff under color of the statutes, ordinances, customs and usage of the City and State of New York.

9. At all relevant times quotations as to violations of specific Constitutional Amendments are discussed as incorporated under the Fourteenth Amendment, with respect to non-federal actors.

**FACTS**

10. In the afternoon of May 8, 2014, at approximately 12:00pm, COLON was walking to his residence located at 2125 Tiebout Avenue in the County of the Bronx with his cousin Rigo Berto.

11. Before he had a chance to go upstairs, Colon was approached by numerous NYPD officers who had just hopped out of a nearby black van.

12. Mr. Berto walked away as the officers approached, but having done nothing illegal, COLON did not leave the location, and conversed with the officers.

13. Despite doing nothing illegal or suspicious, COLON was immediately grabbed by the NYPD officers and searched.

14. After being searched, with no contraband found, COLON provided the NYPD officers his identification.

15. Despite standing in front of the very building that was reflected on the identification provided to the NYPD officers, the officers questioned where COLON was going. COLON responded that he was going upstairs to his residence.

16. Despite in no way evincing any type of suspicious behavior, an unnamed NYPD officer decides to search COLON again, to which COLON responded "Why do I have to be searched again? I didn't do anything", as he acquiesced to the NYPD officer's instructions.

17. COLON verbally expressed his outrage of being searched in front of his own residence for no reason, and despite physically complying with the NYPD OFFICER, he was violently grabbed and choked.

18. As COLON was being choked, other unnamed NYPD officers jumped in and beat COLON about the body and legs with batons and other unknown hard, blunt objects.

19. COLON was eventually handcuffed and taken to the 46th Precinct.

20. Upon arriving at the 46th Precinct, the arresting NYPD officers realized the extent of the physical damage COLON had sustained, and offered him medical attention.

21. COLON agreed to the medical attention and was taken to St. Barnabas Hospital, in Bronx County.

22. COLON was treated for numerous abrasions, bruises, and most notably, stitches to his right leg sustained when he was assaulted by the arresting NYPD officers.

23. COLON was released from St Barnabas Hospital and taken to central booking in Bronx County.

24. Once at central booking, COLON was informed that he was being charged with felony possession of a controlled substance with the intent to sell it.

25. The presiding judge set bail in the amount of $5,000.00.

26. COLON was not able to make bail until Monday, May 12, 2014.

27. COLON's felony possession case was ultimately dismissed in June of 2015.

## COUNT 1: VIOLATIONS OF 42 U.S.C. 1983: FALSE ARREST

28. Plaintiff repeats and re-alleges and incorporates by reference the allegations in paragraphs 1 through 27 above with the same force and effect as if herein set forth.

29. At all times relevant herein, the conduct of the Defendants were subject to 42 U.S.C. sections 1983, 1985, 1986 and 1988.

30. Acting under color of law, Defendant's engaged in a denial of COLON'S rights, privileges or immunities secured by the United States Constitution or by Federal Law, as incorporated by the 14th amendment.

31. There was no probable cause for the May 8, 2014 arrest and incarceration of COLON and as a result his constitutional rights were violated.

32. As a result of the Defendant's unlawful and malicious action COLON was temporarily deprived of both his liberty without due process of the law and his right to equal protection of the laws, and the due course of justice was impeached, in violation of the Fifth and Fourteenth Amendments of the Constitution of the United States and 42 U.S.C. section 1983.

WHEREFORE, Plaintiff demands judgment for the false arrest against all the Defendant's jointly and severally, for the actual, general, special, compensatory damages in the amount of $5,000,000 and further demands judgment against each of said defendants, jointly and severally for punitive damages in the amount of $5,000,000 plus the costs of this action, including attorney's fees, and such actual relief deemed to be just and equitable.

"Punitive damages are recoverable in sec. 1983 suit where defendant's conduct is motivated by an evil motive or intent, or where it involves reckless of callous indifference to plaintiff's federally protected rights." *Smith v. Wade*, 461 U.S. 30, 50-51 (1983). *Clark v. Taylor*, 710 F.2d 4, 14 (1st Cir. 1983). Miga, supra at 355.

## COUNT 2: VIOLATIONS of 42 U.S.C. 1983: FALSE IMPRISONMENT

33. Plaintiff repeats and re-alleges and incorporates by reference the allegations in paragraphs 1 through 32 above with the same force and effect as if herein set forth.

34. As a result of the unlawful and malicious arrest of COLON for which there was no probable cause, COLON was incarcerated for approximately 4 days without justification or consent, whereby Defendants deprived COLON of his liberty without due process of law and his right to equal protection of the laws, and the due course of justice was impeded, in violation of the

Fifth and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. sec. 1983.

WHEREFORE, Plaintiff demands judgment for the false detention and confinement against all the Defendant's jointly and severally, for actual, general, special and compensatory damages in the amount of $100,000.00 and further demands judgment against each of said Defendants, jointly and severally, for punitive damages in the amount of $100,000.00 plus the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable.

### COUNT 3: VIOLATION OF 42 U.S.C. 1983: EXCESSIVE FORCE

35. Plaintiff repeats and re-alleges and incorporates by reference the allegations in paragraphs 1 through 34 above with the same force and effect as if herein set forth.

36. The conduct and actions of the NYPD officers, acting in concert and under color of law, in authorizing, directing and/or causing COLON to be repeatedly punched and hit with objects about the body, was excessive and unreasonable, was done intentionally, willfully, maliciously, with deliberate indifference and/or with a reckless disregard for the natural and probable consequences of their acts, was done without lawful justification or reason, and was designed to and did cause specific and serious physical and emotional pain and suffering in violation of Plaintiffs rights as guaranteed under 42 U.S.C. Sec 1983, and the Fourth and Fourteenth Amendments to the United States Constitution, including the right to be free from the use of excessive, unreasonable and unjustified force.

37. As a direct and proximate result of the foregoing, Plaintiff was subject to great physical and emotional pain and humiliation, was deprived of his liberty, and was otherwise damaged and injured.

WHEREFORE, Plaintiff demands judgment for the excessive force used against him by the Defendants against all Defendants jointly and severally, for actual, general, special and compensatory damages in the amount of $1,000,000 and further demands judgment against each of said Defendants, jointly and severally, for punitive damages in the amount of $1,000,000, plus the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable.

### COUNT 4: ASSAULT AND BATTERY

38. Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1 through 37 above with the same force and effect as if herein set forth.

39. By the aforementioned conduct described above, Defendants inflicted the torts of assault and battery upon COLON. The acts and conduct of NYPD officers were the direct and proximate cause of injury and damage to COLON and violated COLON'S statutory and common law rights as guaranteed by the laws of the Constitution of the State of New York

40. COLON acts constituted an assault upon Plaintiff in that aforementioned Defendants intentionally attempted to injure COLON or commit battery upon him.

41. JOHN DOE'S acts constituted a battery upon COLON in that the above described bodily contact was intentional, unauthorized, and grossly offensive in nature.

42. The actions of NYPD officers, including POLICE OFFICER JOHN DOE were intentional, reckless, and unwarranted, and without any just cause or provocation, and aforementioned Defendants knew, or should have known that their respective actions were without the consent of COLON.

43. The injuries sustained by Plaintiff were caused wholly and solely by reason of the conduct described above, and COLON did not contribute thereto.

44. As a direct and proximate result of the foregoing, Plaintiff was subjected to great physical and emotional pain and humiliation, was deprived of his liberty, and was otherwise damaged and injured, including but not limited to a broken, displaced nose.

WHEREFORE, Plaintiff demands judgment for the assault and battery exerted against him towards all Defendants jointly and severally, for actual, general, special and compensatory damages in the amount of $1,000,000 and further demands judgment against each of said Defendants, jointly and severally, for punitive damages in the amount of $1,000,000, plus the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable.

## COUNT 5: VIOLATIONS OF 42 U.S.C. 1983: MALICIOUS PROSECUTION

45. Plaintiff repeats and re-alleges and incorporates by reference the allegations in paragraphs 1 through 44 above with the same force and effect as if herein set forth.

46. Defendants, intentionally and maliciously, instituted and pursued a criminal action against COLON that was brought without probable cause and was dismissed in COLON'S favor.

47. As a result of the concerted unlawful and malicious prosecution of COLON, the Defendants deprived COLON of both his right to liberty without due process of law and his right to equal protection of the laws, and the due course of justice was impeded, in violation of the Fifth and Fourteenth Amendments of the Constitution of the United States, and 42 U.S.C. sec. 1983.

WHEREFORE, Plaintiff demands judgment for the malicious prosecution against all Defendants jointly and severally, for actual, general, special and compensatory damages in the amount of $1,000,000 and further demands judgment against each of said Defendants, jointly and severally, for punitive damages in the amount of $1,000,000, plus the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable.

## COUNT 6: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

48. Plaintiff repeats and re-alleges and incorporates by reference the allegations in paragraphs 1 through 47 above with the same force and effect as if herein set forth.

49. Defendants intentional and reckless conduct resulted in the extended incarceration of COLON.

50. The failure of the Defendants to properly exercise discretion in who they arrest was extreme and outrageous conduct, and this conduct was the actual and proximate cause of severe emotional distress suffered by COLON due to his wrongful imprisonment.

WHEREFORE, Plaintiff demands judgment against all Defendants for actual, special and compensatory damages in an amount deemed at time of trial to be just, fair, and appropriate.

## COUNT 7: VIOLATIONS OF 42 U.S.C. 1983: CONSPIRACY

51. Plaintiff repeats and re-alleges and incorporates by reference the allegations in paragraphs 1 through 50 above with the same force and effect as if herein set forth.

52. At all times relevant to this Complaint, the Defendants engaged in a conspiracy in furtherance of illegal behavior in allowing the false arrest and malicious prosecution of COLON.

53. Defendants had knowledge or, had they diligently exercised their duties to instruct, supervise, control and discipline on a continuing basis, should have had knowledge that the wrongs conspired to be done as heretofore alleged, were about to be committed.

54. Defendants had power to prevent or aid in preventing the commission of said wrongs, could have done so by reasonable diligence, and knowingly, recklessly, or with gross negligence failed to do so.

55. Defendants directly or indirectly, under color of law, approved or ratified the unlawful, deliberate, malicious, reckless and wanton conduct heretofore described.

56. As a direct and proximate cause of the negligent and intentional acts of the Defendants, as set forth in paragraphs 1-50 above, Plaintiff suffered loss of physical liberty, severe physical pain and severe mental anguish in connection with the deprivation of his constitutional and

statutory rights guaranteed by the Fourteenth Amendment of the Constitution of the United States and protected by 42 U.S.C. sec. 1983.

WHEREFORE, Plaintiff demands judgment against all Defendants jointly and severally, for actual, general, special, compensatory damages in the amount of $1,000,000 and further demands judgment against each of said Defendants, jointly and severally, for punitive damages in the amount of $1,000,000, plus the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable.

**COUNT 8: NEGLIGENCE**

57. Plaintiff repeats and re-alleges and incorporates by reference the allegations in paragraphs 1 through 56 above with the same force and effect as if herein set forth.

58. Defendants owed a duty to pursue criminal actions only against suspects for which there is sufficient probable cause that the suspect had committed the criminal offense in question.

59. Defendants breached that duty to COLON when they arrested him for assault when there was, no probable cause sufficient to support a finding that COLON was in any way committing a crime before the police approached him.

60. As a result of the breach, which were the actual and proximate cause of COLON's injury, COLON suffered harm and damages.

61. Defendants are also liable under the doctrine of *Respondeat Superior*.

WHEREFORE, Plaintiff demands judgment against Defendants for actual, special, compensatory and punitive damages, attorney's fees, costs, expenses, and interest in an amount deemed at time of trial to be just, fair and appropriate.

Respectfully submitted,

JEREMY HECTOR COLON
By his attorney
September 1, 2015

Conway C. Martindale II
Martindale & Associates, PLLC
380 Lexington Avenue, 17th Floor
New York, NY 10168
212-405-2233

PLAINTIFFS VERIFICATION

The undersigned, being duly sworn, deposes and says that I am the Plaintiff herein, and have read the foregoing pleading filed on my behalf, and the facts stated therein are true.

JEREMY HECTOR COLON

Subscribed and sworn to before me, this ___ st day of September 1, 2015

Notary Public

EVELYN TORRES
NOTARY PUBLIC, STATE OF NEW YORK
NO. 01TO5028151
QUALIFIED IN BRONX COUNTY
COMMISSION EXPIRES MAY 23, 20__